OPINION
{¶ 1} Defendant-appellant, Willie J. Peeks, appeals from a judgment imposing consecutive sentences entered by the Franklin County Court of Common Pleas. For the following reasons, we affirm that judgment.
 {¶ 2} On January 25, 2005, a Franklin County Grand Jury indicted appellant for three counts of robbery in violation of R.C. 2911.01, six counts of robbery in violation of R.C. 2911.02, one count of aggravated robbery in violation of R.C. 2911.01 with a firearm specification pursuant to R.C. 2941.141, two counts of robbery in violation of R.C.2911.02 with firearm specifications pursuant to R.C. 2941.145 and2941.141, one count of tampering with evidence in violation of R.C.2921.12, and one count of having a weapon while under disability in violation of R.C. 2923.13. The charges arose out of four robberies appellant committed during December 2004 and January 2005. Appellant displayed a knife during three of the robberies and a gun at the fourth.
 {¶ 3} Appellant initially entered a not guilty plea to the charges. Before trial, however, appellant entered a guilty plea to four counts of aggravated robbery without any firearm specifications. The trial court accepted appellant's guilty plea, found him guilty, and dismissed the remaining charges. The trial court sentenced appellant to eight-year prison terms for each count. Although the trial court ordered two of those sentences to be served concurrently, it ordered the other two sentences to be served consecutively, for a total prison term of 16 years. Appellant's counsel objected to the sentence based on the United States Supreme Court's decision in Blakely v. Washington (2004), 542, U.S. 296, 124 S.Ct. 2531.[1] The trial court overruled appellant's objection and imposed sentence.
 {¶ 4} Appellant appeals and assigns the following error:
 The trial court was without authority to impose consecutive terms of incarceration, as the sentence violated the Sixth Amendment to the United States Constitution.
 {¶ 5} Appellant's assignment of error challenges the trial court's imposition of consecutive sentences. Former R.C. 2929.14(E)(4) allowed a trial court to impose consecutive sentences only if the trial court made certain findings. However, after appellant's sentencing, the Supreme Court of Ohio held that R.C. 2929.14(E)(4) unconstitutionally required judicial fact-finding in violation of the Sixth Amendment to the United States Constitution and Blakely . State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. As a result, the Court severed R.C. 2929.14(E)(4) from Ohio's sentencing statutes, thereby allowing the trial court the discretion to impose consecutive sentences without making any specific findings. Foster at ¶ 99-100. The Court also stated that cases pending on direct review must be remanded to the trial courts for new sentencing hearings not inconsistent with the decision. Id. at ¶ 104.
 {¶ 6} In this case, the trial court sentenced appellant to consecutive prison terms based on findings it made pursuant to R.C. 2929.14(E)(4). The State concedes that the trial court erred by imposing a consecutive sentence based on these findings. The State argues, however, that pursuant to Washington v. Recuenco (2006), 548 U.S. ___, 126 S.Ct. 2546,Blakely-Foster error is not a structural error, and therefore must be evaluated using a harmless error analysis. Id. at 2553. See, also,State v. Dettman (Minn. 2006), 719 N.W.2d 644, 655 (applyingRecuenco to determine whether Blakely error was harmless); State v.Norris (N.C. 2006), 630 S.E.2d 915, fn. 2 (noting application of harmless error to Blakely errors after Recuenco ). Under such an analysis, a constitutional error does not require reversal if the error was harmless beyond a reasonable doubt. State v. Conway,108 Ohio St.3d 214, 2006-Ohio-791, at ¶ 78. The State argues that theBlakely-Foster error committed by the trial court is harmless.
 {¶ 7} Appellant contends that the harmless error analysis is improper because the Supreme Court of Ohio in Foster stated that a sentence based on R.C. 2929.14(E)(4) is void, thereby requiring a remand for resentencing. Foster at ¶ 103. Appellant notes that Foster did not acknowledge that such errors could be harmless; they simply remanded all cases for new sentencing hearings. Appellant also contends that even if a harmless error analysis is appropriate, this court should remand the matter for the trial court to determine whether or not the error was harmless.
 {¶ 8} This court has previously held that a Blakely-Foster error is waived if the defendant failed to object in the trial court. State v.Draughon, Franklin App. No. 05AP-860, 2006-Ohio-2445, at ¶ 7. Relying on language from the United States Supreme Court in United States v.Booker (2005), 543 U.S. 220, 125 S.Ct. 738, we applied the well-settled doctrine of waiver to overrule Draughon's Blakely-Foster challenge, even though we acknowledged the language in Foster that seems to require a remand for resentencing. Our reasoning rested on the difference between a void and voidable judgment. Draughon at ¶ 7-8.
 {¶ 9} Notwithstanding the language in Foster that declared sentences imposed pursuant to an unconstitutional statute void, the assumption underlying our decision in Draughon was that a Blakely-Foster error rendered his sentence voidable — not void. A voidable error can be waived. See State v. Barnes (1982), 7 Ohio App.3d 83, 85 (failing to object to voidable order waived any error); State v. Grimm (Apr. 25, 1997), Miami App. No. 96CA-37 (failure to object to voidable defect waives issue on appeal); Trotwood v. Wyatt (Jan. 21, 1993), Montgomery App. No. 13319 (voidable defects waived on appellate review if not raised below). The distinction between void and voidable judgments is crucial to the resolution of this case.
 {¶ 10} A void judgment is one rendered by a court lacking subject-matter jurisdiction or the authority to act. Pratts v.Hurley, 102 Ohio St.3d 81, 2004-Ohio-1980, at ¶ 12; State v.Beasley (1984), 14 Ohio St.3d 74, 75. A voidable judgment, on the other hand, is a judgment rendered by a court having jurisdiction/authority and, although seemingly valid, is irregular and erroneous. State v.Montgomery, Huron App. No. H-02-039, 2003-Ohio-4095, at ¶ 9. Generally, sentencing errors are not jurisdictional and, therefore, do not render the sentence void. See State ex rel. Massie v. Rogers (1997),77 Ohio St.3d 449, 450; Majoros v. Collins (1992), 64 Ohio St.3d 442, 443
(noting that "[w]e have consistently held that sentencing errors are not jurisdictional * * *."); Johnson v. Sacks (1962), 173 Ohio St. 452, 454
("The imposition of an erroneous sentence does not deprive the trial court of jurisdiction.").
 {¶ 11} Although Foster states that sentences imposed pursuant to R.C.2929.14(E)(4) are void, the court did not address the difference between a void and voidable sentence in its decision. The court cited State v.Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, which held that a sentence is void when it does not contain a statutorily mandated term. Id. at ¶ 23. In turn, the Jordan court relied on Beasley, supra, for this proposition of law. In Beasley, the applicable sentencing statute mandated a prison term and in addition, allowed for an optional fine. The trial court disregarded the statute and only imposed a fine. The Beasley court held that the trial court acted without authority by disregarding the statutory sentencing requirements, rendering the "attempted sentence" a nullity or void. Id. at 75. See State ex rel. Maxwell v. Kainrad, Portage App. No. 2004-P-0042, 2004-Ohio-5458, at ¶ 5 (noting thatBeasley involved trial judge acting beyond jurisdiction). Similarly, the trial court in Jordan also disregarded a statutory requirement in its sentencing. The trial courts in these cases did not merely commit a sentencing error. They acted beyond their authority by disregarding statutory requirements. Thus, these cases properly stand for the proposition that a sentence is void where a trial court acts without jurisdiction/authority.
 {¶ 12} However, these cases do not support the proposition that an erroneous sentence is automatically void. Because a sentence rendered unlawful by Blakely-Foster does not call into question the trial court's jurisdiction/authority, such a sentence is voidable — not void. We again note that the void-voidable distinction was not addressed inFoster . Given the absence of any analysis of this important distinction, we conclude that appellant's reliance on theFoster court's use of the word "void" is misplaced. Cf. Kelley v .Wilson, 103 Ohio St.3d 201, 2004-Ohio-4883, at ¶ 14 ("[D]espite our language in Green that the specified errors rendered the sentence 'void,' the judgment was voidable and properly challenged on direct appeal."); State v. Parker, 95 Ohio St.3d 524, 2002-Ohio-2833, at ¶20-26 (Cook, J., dissenting) (noting majority's confusion between void and voidable judgment).
 {¶ 13} In this case, there is no question that the trial court had jurisdiction/authority to impose the sentence. The trial court did not disregard a statutory requirement or exceed its authority when it sentenced appellant. Rather, the trial court erred by sentencing appellant under a statute that was subsequently declared unconstitutional and severed from the statutory scheme by theFoster court. Sentencing errors such as this are not jurisdictional errors that would render a sentence void. See Majoros, supra, at 443 (allegation that trial court applied statute not in effect at time of sentencing would only raise non-jurisdictional sentencing error). Instead, the erroneous sentence in this case is merely voidable.
 {¶ 14} Therefore, a remand for resentencing is not mandatory. We may reverse only if the Blakley-Foster error challenged on appeal is not harmless. Recuenco, supra.
 {¶ 15} After examining the purpose and effect of R.C. 2929.14(E)(4), we conclude that the Blakely-Foster error committed by the trial court was harmless beyond a reasonable doubt. A trial court's application of the statutory sentencing scheme in existence before Foster only benefited defendants. Before Foster, a trial court had to make a number of findings before it could sentence a defendant to consecutive sentences. These required findings limited the trial court's sentencing discretion and prohibited consecutive sentences unless each and every finding was made. However, even if the trial court made the findings, the statutory scheme did not require the trial court to impose consecutive sentences. After Foster, trial courts have "full discretion" to sentence defendants to consecutive sentences and do not need to make any findings to support their decision. Foster, paragraph seven of the syllabus. Thus, it was more difficult for a trial court to impose consecutive sentences before Foster than it is now. Consequently, the error committed by the trial court when it sentenced appellant to consecutive sentences pursuant to R.C. 2929.14(E)(4) benefited appellant and, therefore, was harmless beyond a reasonable doubt. Such an error does not require reversal.[2]
 {¶ 16} Because we reach this conclusion as a matter of law, there is no need to remand this case to the trial court for resentencing or for a determination of harmless error. Appellant's lone assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
[1] Appellant's counsel made the same objection in his sentencing memorandum.
[2] In light of this holding, we need not address appellant's ex post facto arguments in his assignment of error. App.R. 12.